suit." On appeal to the Circuit Court the Judges disagreed, and the judgment was affirmed under Art. 101 of the Constitution, the Circuit Judges declaring, however, that the judgment was one of non-suit. Plaintiff thereupon re-instituted his suit, and the plea of *res adjudicata* was filed, which was overruled by the District Judge. Held by the Circuit Court: The plea should have been sustained; maintaining the plea of prescription was a final and perpetual bar to the plaintiff's suit. The words of the former judgment are clear and unambiguous, and construing them so as to give any effect to the judgment, we must conclude that the concluding words were inadvertent and of no effect. It is impossible to construe a judgment sustaining a plea of prescription as one of non-suit. 6 An. 181.

---

### D. A. January & Co. vs. R. G. Cobb.

C. J. Boatner, J., *ad hoc.* Where two members of plaintiffs' firm were dead at the time of instituting this suit, and counsel afterwards, with leave of the Court, files an appearance for the executor, whom he substitutes for the alleged plaintiffs, and no bill of exception is retained by defendant to this proceeding, but the case is tried contradictorily with the new party, the judgment will not be disturbed on this ground.

2. Where defendant is sued as surety on a bond given to release an attachment levied on the property of E. Dreyfus & Co., who shortly after said bond was given went into bankruptcy before the suit against them in the State Court has been tried, but the plaintiffs in said suit have the assignee cited and prosecute the suit in the State Court, where they obtain judgment against the assignee, fixing the amount of their claim and sustaining the attachment, held by the Circuit Court: Said judgment, in so far as it maintained the attachment and recognized a lien on the property attached, was illegal, unauthorized and inoperative, the sole power of the State Court, after a surrender in bankruptcy, being to determine the amount and validity of claims pending before it. 93 U. S. 358; Sec. 5047 U. S. Statutes; 33 An. 1094. The conditions of the release bond to pay such judgment as might be rendered against the principal never happened, and the surety cannot be held.

3. When plaintiffs prayed to have the assignee cited, the fact of bankruptcy was brought to the notice of the State Court, which was thereafter bound to limit its judgment, as above expressed. 91 U. S. 521.

---

### L. M. Osborn vs. M. S. Hall.

Gunby, J. *ad hoc.* The railroad company, on an order from defendant, agreed to pay to S. Meyer all the money due to defendant as a contractor, employed by said company, after paying his "labor rolls." Held, that defendant had no right to

place on said rolls anything but the wages of his laborers, who are protected by Art. 175 of the Constitution and Act 134 of 1880. The contract, fairly construed, must be limited to such persons.

2. The class of persons intended to be protected and benefitted by the Constitution are those who perform physical labor that requires but little skill, a class of persons who receive but small wages, who have no other means of support, who are ignorant, easily imposed upon and generally unable to protect their rights except by strikes, riots and communistic organizations. The Act of 1880 is broader than the Constitution, and applies to " laborers and workmen." Under the latter class may be included a " boss or foreman," who leads and directs other laborers in their work.

3. Neither the hire of teams and wagons, nor anything else but wages for personal labor, is embraced in the provisions of said Act 134.

### J. S. RICHARDSON vs. A. H. BERNHARDT.

MAYO, J. Where plaintiff alleges on a contract, he cannot, as a general rule, prove a *quantum meruit;* but if the parties differ in their testimony as to what the contract was, evidence of the value of the services may properly be received to what amount and conditions of remuneration be most probable. 33 An. 59.

2. The members of the jury were doubtless acquainted with the parties and the witnesses. They heard the testimony and were much better able to judge of its proper weight than we can be, who are called upon to determine the case from the dry, cold record before us.

### SCHARFF & BERNHEIMER vs. McCULLOUGH, McLEOD & Co. J. T· HOWARD, INTERVENOR.

GUNBY, J. Where labor pay rolls, under the rules of a railroad company, are filed in its office, we consider them tantamount to an order to the company to pay the amounts due to the persons named therein, and the approval and filing of the rolls by the company work a complete assignment of the funds to the laborers, so that the contractor's creditors cannot reach it by attachment.

2. If a garnishee answer evasively, his answers may be taken for confessed ; if he answer falsely, his answers must be traversed within twenty days; in all other cases his liability is to be tested by his answers, and he cannot be held for more than he admits to be due. 27 An. 93; 12 An. 814.

### SAMUEL L. BOYD vs. M. J. WALDENBERG. WHEELER & PIERSON, INTERVENORS.

GUNBY, J. By rule 13th of this Court, all assignments of error, motions to amend, and other pleadings, must be filed before